**Kenneth BROWN, Plaintiff–Appellant,**

v.

**Vernon BROWN, et al., Defendants–Appellees.**

No. 01–3880.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2002.

Before BOGGS and COLE, Circuit Judges; BATTANI, District Judge.*

### *ORDER*

Kenneth Brown appeals from a district court order awarding him nominal damages in his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Brown sued several Ohio correctional officials and personnel, alleging that the defendants violated his First Amendment, Eighth Amendment, and due process rights when they removed money from his prison account, denied him access to the courts, and prevented him from purchasing personal hygiene items. The magistrate judge recommended granting summary judgment for the defendants. While the district court agreed that Brown's Eighth Amendment and access to the courts claims were without merit and granted summary judgment to the defendants on those claims, the court concluded that the defendants violated Brown's due process rights by removing money from his account without first providing him with notice and an opportunity to respond. Although the court subsequently concluded that Brown was not entitled to compensatory or punitive damages for this violation of his due process rights, the court did award him $100 in nominal damages. In this timely appeal, Brown argues that the district court improperly concluded that he was not entitled to compensatory or punitive damages and improperly granted summary judgment to the defendants on his Eighth Amendment and access to the courts claims.

■ Upon review, we conclude that the district court properly determined that Brown was not entitled to compensatory damages. Once a constitutional violation is established, the court must look at the injury sustained and the appropriate means of redressing it. *Parrish v. Johnson,* 800 F.2d 600, 608 (6th Cir.1986). While the defendants have the burden of showing that this constitutional violation did not cause any injury to the plaintiff, the plaintiff still retains the burden of proving the actual damages that he suf-

fered. *Franklin v. Aycock,* 795 F.2d 1253, 1263–64 (6th Cir.1986). Brown has not met his burden of showing that he suffered any actual injury in this case. While Brown also argues that he is entitled to damages because he had a state-created liberty interest in maintaining a certain sum in his prison account, the regulation he cites does not rise to the level of creating a liberty interest because it does not impact his freedom from restraint nor does it impose an atypical or significant hardship on him. *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ The district court also properly determined that Brown should not receive punitive damages. The standard for punitive damages in a federal civil rights action is based on the defendant's state of mind and does not require egregious or outrageous behavior. *Preferred Props., Inc. v. Indian River Estates, Inc.,* 276 F.3d 790, 799 (6th Cir.2002), *cert. denied,* —— U.S. ——, 122 S.Ct. 2663, 153 L.Ed.2d 838 (2002). Punitive damages are available in a § 1983 action when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of the plaintiff. *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Brown has not shown that the defendants' conduct was the result of an improper motive or was recklessly indifferent to his due process rights.

We also conclude that the district court properly granted summary judgment on Brown's remaining claims. This court reviews de novo a district court order granting summary judgment. *Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000).

■ Brown's Eighth Amendment claim fails to even state a claim. Brown argues that he was unable to purchase personal hygiene and toiletry items for several months because of the hold on his account.

**326**

Any inconvenience he suffered does not demonstrate a condition of confinement that falls beneath the minimal civilized measure of life's necessities. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001).

■ Brown's access to the courts claim also is without merit. To demonstrate that the defendants' actions have impacted his access to the courts, Brown must show that he suffered some actual prejudice in prosecuting litigation. *Lewis v. Casey*, 518 U.S. 343, 352–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Brown has not made this showing.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.