**Minyard Cass DAVIS, Plaintiff–Appellant,**

v.

**Michael POWELL, et al., Defendants–Appellees.**

No. 03–2183.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Rehearing Denied, Nov. 23, 2004.

Minyard Cass Davis, Kincheloe, MI, pro se.

Christine M. Campbell, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before NORRIS and DAUGHTREY, Circuit Judges; and OLIVER, District Judge.*

*ORDER*

Minyard Cass Davis, a Michigan prisoner proceeding pro se, appeals the dismissal of his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis is currently a prisoner in the custody of the Michigan Department of Corrections (MDOC). In 2002, Davis filed this civil rights action against MDOC dentist, Dr. Tony Corsi, DDS (Davis refers to Dr. Corsi as "Dr. Coseti"), MDOC dentist, Dr. Gerald Shields, DDS and several MDOC supervisory and grievance officials (officials) in their individual and official capacities, Davis alleged that his Eighth and Fourteenth Amendment rights against cruel and unusual punishment were violated when, with deliberate indifference, the defendants refused to issue him upper and lower partial dentures after he informed them that his gums were sore and bleeding, that he was not able to chew, and that he had headaches. Specifically, Davis alleged that his Eighth Amendment rights were violated when, after he requested a replacement set of partial dentures, he was told that he could either wait five years from the date that his last partial dentures were issued to receive state-paid partial dentures per MDOC policy, or he could purchase a new set for $147.00. Davis concedes that MDOC issued him state-paid partial dentures in 1998 prior to his parole; however, he also concedes that he did not have these partial dentures in his possession when he returned to prison in 2000. In his complaint, Davis also made claims alleging a conspiracy to violate his rights and a violation of his "common law tort rights."

In response, the defendants filed a motion to dismiss or in the alternative a motion for summary judgment. The magistrate judge determined that the officials were part of the MDOC administration during the relevant time and could not be held liable as supervisors or as grievance officers. The magistrate judge also found that Davis failed to present evidence that defendants, Dr. Shields and Dr. Corsi treated Davis with wanton and deliberate indifference. The district court adopted the magistrate judge's report and recommendation and granted summary judgment to the defendants. Davis now appeals, asserting that he presented some evidence as to each of his claims to defeat the motion for summary judgment.

As a preliminary matter, we note that the defendants continue to argue on appeal that the case should be dismissed in its entirety because Davis's claims against the officials have not been exhausted pursuant to 42 U.S.C. § 1997e(a). However, the record reflects that Davis has exhausted his administrative remedies as Davis sued the officials for denying his grievances and per MDOC policy, prisoners are not to file another grievance to challenge a grievance denial. MDOC Policy Directive 03.02.130(I) (eff. 12/19/03).

On appeal, this court reviews a grant of summary judgment de novo. *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).

"Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir.1994) (citing *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The test to deter-

mine whether the MDOC officials acted with "deliberate indifference" has both an objective and subjective component. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). The objective component requires an inmate to show that the alleged deprivation is " 'sufficiently serious' " and that he is " 'incarcerated under conditions posing a substantial risk of serious harm.' " *Id.* To satisfy the subjective component, an inmate must show that prison officials had " 'a sufficiently culpable state of mind.' " *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). This standard is satisfied if "the official knows of and disregards an excessive risk to inmate health or safety." *Id.* Furthermore, " '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.' " *Graham ex rel. Estate of Graham v. County of Washtenaw,* 358 F.3d 377, 385 (6th Cir.2004) (quoting *Westlake v. Lucas,* 537 F.2d 857, 860, n. 5 (6th Cir.1976)).

The record in this case reflects that Davis was under the care of Dr. Corsi for less than six months and was examined and treated by Dr. Corsi during that time. While Davis complained to Dr. Corsi that his gums were sore and bleeding, in his affidavit, Dr. Corsi stated that when he examined Davis, there was no evidence of pain or bleeding and stated that Davis had adequate dentition to function. The record also reflects that, while under the care of Dr. Shields, Davis was examined and treated no less than six times between September of 2001 and December of 2002 and was transferred to another prison shortly thereafter. Additionally, in his affidavit, Dr. Shields stated that he made "negative findings of bleeding or abraded gums due to the absence of partial dentures." Furthermore, Davis required extensive dental work prior to receiving any new partial dentures, which Dr. Shields actively performed while Davis was under his care. Based on the foregoing, it is clear that Davis received substantial dental treatment while under the care of Dr. Corsi and Dr. Shields wherein they determined that he was not in need of emergency partial dentures. As Davis has failed to provide this court with any medical evidence to dispute this diagnosis, we will not second-guess Dr. Corsi and Dr. Shields regarding the adequacy of their treatment. Additionally, the officials are not liable under § 1983 for supervising the dentists or for denying Davis's grievances as we have determined that Dr. Corsi and Dr. Shields were not deliberately indifferent to Davis's dental needs.

Davis's conspiracy claim is also meritless because he has not produced any evidence establishing that the defendants had an agreement to deprive Davis of necessary dental care. *See Moore v. City of Paducah,* 890 F.2d 831, 834 (6th Cir.1989). Moreover, Davis's supplemental state law claim is meritless because his constitutional claims have been rejected. *See Valot v. Southeast Local Sch. Dist. Bd. of Educ.,* 107 F.3d 1220, 1230 (6th Cir.1997).

For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.