*258 SILER, Circuit Judge.
Plaintiff Terry Pack, a pro se Michigan prisoner, appeals the district court’s judgment dismissing his action under 42 U.S.C. § 1983. Pack’s complaint alleged various violations of his constitutional rights by prison officials relating to injuries he sustained while performing kitchen work within the prison. Each defendant moved to dismiss for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e and for failure to state a claim. The district court granted motions to dismiss as to all defendants. We AFFIRML
BACKGROUND
In 2000, Pack was working as a cook in the Ryan Correctional Facility kitchen and suffered second and third degree burns while attempting to drain hot hamburger meat. He complains that his Eighth and Fourteenth Amendment rights were violated by Michigan Department of Corrections (MDOC) officials for denying him proper medical treatment after his injuries were sustained. This argument appears to rely on facts indicating that at times, Pack disagreed with the type and/or amount of medical treatment provided by MDOC officials. He also claims his Eighth and Fourteenth Amendment rights were violated by MDOC officials for creating an unsafe work environment. Finally, he complains that officials retaliated against him in violation of the First Amendment by terminating him from his prison job.
The magistrate judge recommended dismissal of the MDOC defendants, and the district court adopted the recommendation, dismissing all defendants.
ANALYSIS
Pack appeals the district court’s decision on the grounds listed hereafter.
1. Failure to State a Claim
This court reviews de novo a district court’s dismissal of an action for failure to state a claim. Dismissal is appropriate if the complaint fails to set forth an allegation of a required element of a claim. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489-90 (6th Cir.1990). Although pro se complaints are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is well-established that “conclusory, unsupported allegations of constitutional deprivation do not state a claim.” Ana Leon T. v. Fed. Res. Bank, 823 F.2d 928, 930 (6th Cir.1987).
In order to state a valid claim under the Eighth Amendment or 42 U.S.C. § 1983, a plaintiff must, at the least, state facts alleging that a defendant, acting under color of state law, displayed deliberate indifference for his constitutional rights, for a serious medical need, or for some other federally protected right. See Gomez v. Toledo, 446 U.S. 635, 639-41, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).
Pack fails to state with specificity a set of facts that give rise to an Eighth Amendment or a § 1983 claim. Nowhere in his complaint or briefs to this court did Pack proffer more than “conclusory, unsupported allegations” of wrongdoing by defendants. Because no claims have been established, the district court’s dismissal was appropriate.
Even assuming that Pack stated sufficient facts to establish an Eighth Amendment or § 1983 claim, such facts would not give rise to an Eighth Amendment or other constitutional violation. If an Eighth Amendment claim is based on official acts other than criminal penalties, *259 the offending acts must reflect an “unnecessary and wanton infliction of pain” to fall within the ambit of prohibited conduct. Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such a claim encompasses both an objective and subjective component. The objective component requires that the pain be sufficiently serious and in contravention of contemporary standards of decency. Brown v. Bargery, 207 F.3d 863, 867 (6th Cir.2000). The subjective component requires the plaintiff to prove that prison officials had “a sufficiently culpable state of mind.” Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). To be sufficiently culpable, the official must know of and disregard an excessive risk to the prisoner’s health or safety. Id. Deliberate indifference should establish the wantonness necessary to satisfy the subjective component. Farmer, 511 U.S. at 836, 114 S.Ct. 1970.
The party asserting a claim that medical care received was lacking or inadequate bears the burden of proving that the decision to provide no, or substandard, medical care was deliberate or “knowing.” Bar-gery, 207 F.3d at 867. Whatever a searching review of materials provided by Pack on appeal might reveal about the relative judgments of prison officials in administering his post-injury medical care, well-pled evidence that would satisfy this burden is not provided.
A similar analysis, applied to Pack’s First Amendment retaliation claim, suggests affirmance of the district court’s dismissal for failure to state a claim. To establish a First Amendment retaliation claim, Pack is required to prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in such conduct; and (3) there is a causal connection between the adverse action and his protected conduct. Muhammad v. Close, 379 F.3d 413, 416 (6th Cir.2004). Although Count 16 of his Complaint states that “[t]he prison retaliated against Pack,” Pack fails to allege both a set of facts that would support a claim of First Amendment retaliation and a causal connection necessary to satisfy this court’s test for retaliation claims.
2. Failure to Exhaust Administrative Remedies
This court reviews de novo a district court’s dismissal of an action for failure to exhaust administrative remedies. Curry v. Scott, 249 F.3d 493, 503 (6th Cir.2001).
The Prisoner’s Litigation Reform Act (PLRA) requires a prisoner to exhaust all internal administrative remedies before filing suit under § 1983. 42 U.S.C. § 1997e(a); see Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.2000). Exhaustion is mandatory. See 42 U.S.C. § 1997e(a) (“No action shall be brought ... by a prisoner ... until such administrative remedies as are available are exhausted”). The prisoner has the burden of demonstrating that he has exhausted these remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.1998). To satisfy this statutory requirement, a prisoner should attach a copy of applicable administrative decisions to his complaint or “describe with specificity the administrative proceeding and its outcome in order to satisfy his burden of proof on this requirement.” Knuckles El, 215 F.3d at 642 (footnote omitted). If a court is satisfied that an action fails to state a claim upon which relief can be granted, the court may dismiss the action without first requiring the exhaustion of such remedies. 42 U.S.C. § 1997e(c)(2).
Pack failed to attach to his complaint copies of such administrative deci *260 sions demonstrating exhaustion. He also failed to describe with specificity the administrative proceedings and their outcomes in order to demonstrate exhaustion of his claims. He argues that because he made an effort to exhaust (some of) his grievances by appealing them through the Michigan Department of Corrections Grievance Procedure Steps 1, 2, and 3, he has satisfied the PLRA despite “frustration” of his grievances by prison officials. Yet Pack fails to explain how and why prison officials “frustrated” his internal administrative appeals process; importantly, he failed to explain such conduct in his complaint. On these grounds, the district court’s order dismissing Pack’s claims for failure to exhaust should be affirmed.
Even assuming that Pack did exhaust his internal administrative procedures, the district court may still dismiss a claim, without requiring exhaustion, for failure to state a claim upon which relief can be granted. Because Pack failed to state a claim, dismissal of his action was proper nonetheless.
3. District Court’s Review of Recommendation
We review a district court’s consideration of a magistrate judge’s recommendation of dismissal of an action for failure to exhaust administrative remedies de novo. Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir.1993); see also 28 U.S.C. § 636(b)(1)(C). Therefore, Pack’s final claim of error necessarily fails.
AFFIRMED.