*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0125p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

JERRY FLANORY,

                      *Plaintiff-Appellant,*

       *v.*

ALLEN BONN, Classification Director, Newberry Corr. Fac. – sued in his individual capacity; ROBERT TORP, Former Acting Principal – sued in his individual capacity; JEFFREY WOODS, Former Acting Principal and Deputy Warden – sued in his individual capacity; LINDA TRIBLEY, Assistant Deputy Warden of Housing & Programs – sued in her individual capacity; ALMA POTTS, Assistant Resident Unit Supervisor – sued in his/her individual capacity; NANCY MARSHALL, Classification Director – sued in her individual capacity; BARRY D. DAVIS, Newberry Corr. Facility Warden – sued in his individual capacity; JIM ARMSTRONG, Grievances & Appeals – sued in his individual capacity,

                      *Defendants-Appellees.*

No. 09-1161

> Appeal from the United States District Court
> for the Western District of Michigan at Marquette.
> No. 08-00108—R. Allan Edgar, District Judge.
>
> Submitted: March 11, 2010
>
> Decided and Filed: May 6, 2010

Before: MARTIN and GIBBONS, Circuit Judges; MARBLEY, District Judge.[*]

_____

    [*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

1

————————————

**COUNSEL**

————————————

**ON BRIEF:** Jerry Flanory, Flint, Michigan, pro se.

————————————

**OPINION**

————————————

MARBLEY, District Judge. Plaintiff-Appellant Jerry Flanory ("Flanory"), a prisoner proceeding *pro se*, appeals the decision of the district court to dismiss his Complaint for failure to state a claim against Defendants-Appellees Allen Bonn ("Bonn"), Robert Torp ("Torp"), Jeffrey Woods ("Woods"), Linda Tribley ("Tribley"), Alma Potts ("Potts"), Nancy Marshall ("Marshall"), Barry Davis ("Davis"), and Jim Armstrong ("Armstrong") (collectively, the "Defendants"). For the following reasons, we **REVERSE** the judgment of the district court and **REMAND** the case.

## I. BACKGROUND

Flanory is currently incarcerated at the Mound Correctional Facility, but his claims pertain to events that took place while he was housed at the Newberry Correctional Facility ("NCF"). On or about December 12, 2004, Flanory was interviewed by Bonn, the Classification Director at NCF, for placement in the General Equivalent Degree ("GED") program at the facility. Flanory informed both Bonn and Torp, the principal of NCF's GED program, that he had obtained his GED from the Sarvis Educational Center many years before, and that he had since obtained an Associate Degree in General Studies from the Montcalm Community College. Flanory further advised that verification of his educational history could be found in his Presentence Investigation Report ("PSIR"). Torp informed Flanory that NCF policy prohibits the use of the PSIR for verification of educational history. Linda Tribley, the Assistant Deputy Warden at NCF, advised Flanory that it was his responsibility to provide documentation showing his educational achievements. Notwithstanding the fact

that he already had his GED, and over his objections, Flanory was assigned to the GED program. Because he already had obtained his GED, Flanory refused to attend the class.

On January 4, 2005, Flanory filed a grievance on the issues of his GED, Associate Degree, and PSIR, contesting the requirement that he participate in a GED class, which he had already completed, for a degree he had already obtained. On January 5, 2005, Flanory signed an Assignment Waiver Form to be removed from the GED program and the school roster. On January 28, 2005, Bonn placed Flanory on room restriction for waiving the GED program. Room restriction disqualified Flanory from indigent status. As a result, he was not able to purchase personal hygiene items, including toothpaste. In response to Flanory's grievance concerning the situation, Davis, NCF Warden, denied Flanory's grievance appeal, stating that Flanory would be ineligible for indigent status for a period of 12 months, and that certain hygiene items, including bars of soap, shampoo, tooth swabs, and toilet paper, were available in the housing units. Flanory then requested these items from Potts, NCF Assistant Resident Unit Supervisor, who responded that the items were not available. Toothpaste was among the hygiene items listed by Davis as only available for purchase in the prisoner store.

In October 2005, Flanory met with the new principal of NCF's GED program, Mr. Belles, who then contacted Montcalm Community College and verified Flanory's Associate Degree. On November 10, 2005, Flanory was removed from room restriction and added to the work pool. After securing funds from his job assignment, Flanory requested his records from the Sarvis Educational Center. On April 18, 2006, Flanory received documentation showing that he had earned a GED.

Flanory's placement on room restriction and his loss of indigent status caused him to be without toothpaste beginning in January 2005, for a period of 337 days. Flanory had undergone a dental examination in October 2004, which revealed no dental problems. In September 2005, Flanory experienced a toothache. After an examination, Flanory was diagnosed with peridontal disease of the gums, and one tooth was extracted.

On May 1, 2008, Flanory initiated this action, which sought compensatory and punitive damages, alleging that his dental health declined because he was wrongfully placed on room restriction and denied indigent status, and he was not otherwise provided with dental hygiene supplies. Flanory claimed that Defendants violated the Privacy Act, 5 U.S.C. §§ 552a(e)(5), (g)(1)(c) and (g)(4), by failing to verify his educational credentials, which caused Defendants to place him on room restriction and deny him indigent status for approximately nine months. He further alleged that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying his access to dental hygiene supplies, including toothpaste, which led to his gum disease.

On August 27, 2008, Magistrate Judge Greeley issued a Report and Recommendation that Flanory's Complaint be dismissed for failure to state a claim. On September 17, 2008, Flanory filed Objections to the Report and Recommendation. In his objections, Flanory conceded his Privacy Act claim. On January 5, 2009, the district court issued an Order approving and adopting the Report and Recommendation. *Flanory v. Bonn*, No. 2:08-cv-108, 2009 WL 33472 (W.D. Mich. Jan. 5, 2009). Flanory then timely filed this appeal.

## II. JURISDICTION

Because Flanory has appealed from a final judgment that disposed of all of his claims, we have jurisdiction based on 28 U.S.C. § 1291. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agreed that oral argument is not needed. Fed. R. App. P. 34(a).

## III.  STANDARD OF REVIEW

The Prison Litigation Reform Act, Pub. L. No. 103-134, 110 Stat. 1321 (1996), requires dismissal of any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e),

1915A;   42 U.S.C. § 1997e.   We review de novo a district court's dismissal of a complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). A complaint fails to state a claim upon which relief could be granted when it is clear that the plaintiff can prove no set of facts consistent with the allegations that would entitle him to relief. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 556 (2007)). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

## IV. ANALYSIS

Since Flanory conceded his Privacy Act claim earlier in the litigation, the only remaining claim is the alleged Eighth Amendment violation. The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Failure to provide medical care may rise to the level of a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment where objective and subjective requirements are met. *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

To satisfy the objective component, the injury must be sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (stating that Eighth Amendment is implicated by the "unnecessary and wanton infliction of pain" and not "inadvertent failure to provide adequate medical care"); *Estelle*, 429 U.S. at 106 ("In order to state a cognizable

claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (requiring that the prisoner demonstrate more than "mere discomfort or inconvenience"). In the context of "conditions of confinement" cases, the Eighth Amendment is concerned only with "deprivations of essential food, medical care or sanitation" or "other conditions intolerable for prison." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.").

Dental needs fall into the category "of serious medical needs" because "[d]ental care is one of the most important needs of inmates." *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)). The Second Circuit has recognized that "[a] cognizable claim regarding inadequate dental care, like one involving medical care," is "based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). The Seventh Circuit has recognized the ability of prisoners to state a cognizable Eighth Amendment claim where they were denied oral hygiene supplies, specifically toothpaste. *Board v. Farnham*, 394 F.3d 469, 481 (7th Cir. 2005). In *Board*, the court found that certain prison officials were not entitled to qualified immunity when they denied prisoners toothpaste for a three-and-a-half week period. *Id*. at 481-82. Additionally, the prisoners alleged that they had requested toothpaste approximately 15 times during the three-and-a-half week period. *Id*. at 481.

We have indicated that even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward. *See, e.g.*, *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) and *Luong v. Hatt*, 979 F. Supp. 481, 485 (N.D.Tex. 1997)); *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (citing *Siglar* and *Luong* in finding that two small bruises and minor

cuts were *de minimis* injury); *Styles v. McGinnis*, 28 F. App'x 362, 364 (6th Cir. 2001) (citing *Siglar*); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at * 1 (6th Cir. Aug. 9, 2000) (citing *Siglar* in finding that prisoner's "whirling sensation" in head after missing a meal was *de minimis* injury); *see also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (holding that "cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force") (quotation and citation omitted). Courts have not found the objective component satisfied where the deprivation of hygiene items was temporary. *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (no constitutional violation where prison officials failed to provide prisoner with toilet paper for five days, and with soap, toothbrush, and toothpaste for ten days)); *see also McNatt v. Unit Manager Parker*, No. 3:99-cv-1397, 2000 WL 307000, at *4 (D.Conn. Jan.18, 2000) (no Eighth Amendment violation occurred when inmates endured, among other deprivations, no toiletries or clothing for six days). Given that the deprivation of toothpaste in this case allegedly spanned 337 days, after which Flanory was diagnosed with peridontal disease of the gums and one tooth was extracted, Flannory has shown both that the deprivation was not temporary and that he suffered physical injury.

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03; *Talal*, 403 F.3d at 426. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Brown*, 207 F.3d at 867 (citing *Farmer*, 511 U.S. at 834). In *Brown*, we noted that "[i]n prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety." *Id.* This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837); *see also Grose v. Caruso*, 284 F. App'x 279, 283 (6th Cir. 2008) (finding that prisoner's allegations that officials failed to provide training to prevent the provision of inadequate medical care and implicitly

authorized unconstitutional conduct should survive a motion to dismiss); *Pack v. Martin*, 174 F. App'x 256, 259 (6th Cir. 2006) ("The party asserting a claim that medical care received was lacking or inadequate bears the burden of proving that the decision to provide no, or substandard, medical care was deliberate or knowing."); *Davis v. Powell*, 110 F. App'x 660, 662 (6th Cir. 2004) (finding that prison officials were not deliberately indifferent to prisoner's dental needs when prisoner was actively receiving ongoing dental care from physicians at the prison facility).

The Supreme Court has found "great difficulty agreeing that prison authorities may not be deliberately indifferent to an inmate's current health problems but may ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding that prisoner's involuntary exposure to cellmate's environmental tobacco smoke created an unreasonable health risk, thus subjecting him to cruel and unusual punishment). In *Helling*, the Supreme Court explicitly rejected "petitioners' central thesis that only deliberate indifference to current serious health problems of inmates is actionable under the Eighth Amendment." *Id*. at 34.

Flanory alleges that he was completely denied toothpaste for 337 days; and this Court has found dental health to be of great importance. *McCarthy*, 313 F. App'x at 814. A prisoner whose inability to purchase hygiene items results from his rejection of educational status satisfies the objective and subjective requirements of an Eighth Amendment violation when he alleges a complete deprivation and shows that the deprivation resulted from a deliberate indifference to hygiene needs.[1] Indeed, other circuits have found cognizable Eighth Amendment claims where, as here, inmates have

---

[1]Where plaintiffs have failed to allege a deprivation of hygiene items resulting from deliberate indifference, we have found that their claims do not rise to the level of an Eighth Amendment violation. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (holding that a prisoner had failed to state an Eighth Amendment claim because he did not allege a complete denial of hygiene products or that the deprivation occurred out of indifference to his hygiene needs); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002) (finding that the plaintiff had failed to allege that "he suffered extreme discomfort due to his inability to purchase the items or that he was completely denied the basic elements of hygiene"); *see also Brown v. Brown*, 46 F. App'x 324, 325-26 (6th Cir. 2002) (holding that a prisoner who was merely inconvenienced because he was unable to purchase personal hygiene supplies for several months due to a hold on his account failed to state an Eighth Amendment claim); *Brown v. Crowley*, No. 99-2216, 2000 WL 1175615, at *3 (6th Cir. Aug. 10, 2000) ("Brown's allegations did not show that the defendants knowingly forced him to go without shampoo and toothpaste.").

been denied toothpaste. *See Board*, 394 F.3d at 481 (recognizing the ability of prisoners to state a cognizable Eighth Amendment claim where they were denied toothpaste); *see also Chance*, 143 F.3d at 703 (holding that the plaintiff's Eighth Amendment claim for inadequate dental care survived a motion to dismiss where he "alleged that, as the result of the defendants' actions, he suffered extreme pain, his teeth deteriorated, and he [had] been unable to eat properly"). Here, Flannory also alleges not only a toothache and resulting tooth extraction, but also a gum disease that developed as a result of not having had toothpaste with which to brush his teeth for almost a year. Denying an inmate toothpaste for 337 days bespeaks an indifference to basic hygiene needs. In *Board*, the Seventh Circuit found an Eighth Amendment violation when prisoners went without toothpaste for 3 1/2 weeks while being held in a jail for 126 days awaiting trial. *Board*, 394 F.3d at 473. This time period pales in comparison to Flanory's deprivation. Also, Flanory's education classification involved an Associate Degree and GED, both of which were documented in the PSIR and were independently verified.

Flanory's complete deprivation of toothpaste for 337 days and resulting health problems amount to more than a mere inconvenience or a harmless deprivation of hygiene products, which would be insufficient to state an Eighth Amendment claim. *See Moore*, 36 F. App'x at 171; *Argue*, 80 F. App'x at 430. Further, the responses that Flanory received to his various grievances show that prison officials were aware that Flanory was without toothpaste as a result of his losing indigent status. Prison officials were also aware that the only way for Flanory to obtain toothpaste would be for Flanory to purchase the item from the prison store. Indeed, Davis stated as much in his written response to Flannory's second-step grievance when he wrote: "[b]ars of soap, shampoo, tooth swabs, and toilet paper are available in the housing units. The other hygiene items are available for purchase in the prisoner store." (R. 1: Complaint Exs. p. 9.). We have recognized an Eighth Amendment violation where the plaintiff can show an intent to inflict harm or punishment because the named defendants were involved in the denial of indigent status that resulted in the deprivation of hygiene items. *Crowley*, No. 99-2216, 2000 WL 1175615, at *3 ("Nothing indicates that Brown was deliberately denied shampoo or toothpaste by any named defendant who sought to punish him.").

We are aware of cases within our circuit that have reached a contrary conclusion where a prisoner has rejected an education classification, but we find them to be distinguishable. *Moore*, 36 F. App'x at 171; *Argue*, 80 F. App'x at 430. *Moore* involved a prisoner who refused to take a qualifying exam, and was therefore denied prison employment. *Moore*, 36 F. App'x at 170. The plaintiff in *Moore*, however, alleged neither a complete denial of the basic elements of hygiene nor any resulting serious discomfort. *Id*. at 170-71. *Argue* also involved a prisoner whose indigent status had been revoked after he rejected an education classification and whose GED was never verified. *Argue*, 80 F. App'x at 428 n.2. In *Argue*, we found that the prisoner had failed to state an Eighth Amendment claim because he did not allege a complete denial of hygiene products or that the deprivation occurred out of indifference to his hygiene needs. *Id*. at 430. Additionally, the prisoner in *Argue* did not allege that he had suffered any harm because he had been denied hygiene products. *Id*.

Flanory has alleged that he was completely denied certain hygiene items and that he specifically was without toothpaste for a period of 337 days. Flanory has also alleged that Defendants were aware that he was without toothpaste and were deliberately indifferent to his hygiene needs. He has also shown an injury in that he was diagnosed with peridontal disease of the gums and had a tooth extracted. In his Complaint, Flanory has made allegations which satisfy the objective and subjective components required for an Eighth Amendment violation. Therefore, Flanory has not failed to state a claim upon which relief could be granted. Flanory's Eighth Amendment claim was improperly dismissed.

## V. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's dismissal of Flanory's Eighth Amendment claim and **REMAND** the case.