NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0826n.06

No. 10-3760

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 01, 2012*

LEONARD GREEN, Clerk

PEDRO AGRAMONTE, et al.,                )
                                        )
        Plaintiffs-Appellants,          )
                                        )
                                        )    ON APPEAL FROM THE UNITED
v.                                      )    STATES DISTRICT COURT FOR THE
                                        )    NORTHERN DISTRICT OF OHIO
                                        )
J. T. SHARTLE, Warden,                  )
                                        )
        Defendant-Appellee.             )

Before:  DAUGHTREY, MOORE, and COLE, Circuit Judges.

**MARTHA CRAIG DAUGHTREY, Circuit Judge**.  Plaintiff Pedro Agramonte is one of several *pro se* federal prisoners who are appealing the judgment of the district court dismissing their civil rights action, filed pursuant to 42 U.S.C. § 1983, for failure to state a cause of action upon which relief could be granted.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, we agree that oral argument is not needed and that disposition is appropriate under Federal Rule of Appellate Procedure 34(a).

As the district court noted, the gist of the complaint is that of overcrowding, which the plaintiffs contend resulted from the warder's remodeling of some of the two-bed cubicles at Federal Correctional Center Elkton to accommodate three inmates.  According

to the complaint, this expansion was accomplished by removing a chair and writing desk in the remodeled cubicles and replacing them with a third bed. As the district court summarized the allegations, the inmates complain that the growth in population at FCI Elkton was not accompanied by corresponding improvements to the prison's "infrastructure," which led the plaintiffs to allege as follows:

> They contend the number of toilets, urinals, wash basins and showers has not been increased. They indicate inmates often have to stand in line to wait for a vacant restroom or shower. They indicate that additional hot water tanks have not been installed. To maximize hot water during inmate showers, washing machines have been set to use cold water. They state that there are no comfortable places to sit to write letters or watch television. They allege that chairs with metal grills have been placed in the common areas. They indicate these chairs are so uncomfortable that it is difficult to sit through an entire movie. Finally, the plaintiffs also contend that the number of inmates in wheelchairs has increased at FCI Elkton. They contend these inmates would have a difficult time evacuating the building in the event of a fire, due to the number of inmates in the building. They ask the court to order FCI Elkton to convert all cells back to two man cells, and to award them monetary damages.

Following review under the Prison Litigation Reform Act, the district court dismissed the complaint, concluding that the inmates' allegations were insufficient to state a claim for cruel and unusual punishment under the Eighth Amendment or a violation of due process under the Fifth Amendment. *See* 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. The district court also denied subsequent motions by the plaintiffs to alter or amend the judgment and to grant summary judgment. The plaintiffs now appeal these rulings.

We review *de novo* a district court's dismissal of a complaint pursuant to 28 U.S.C.§§ 1915(e), 1915A, and 42 U.S.C. § 1997e. *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). Dismissal for failure to state a claim "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Here, the district court concluded, and we agree, that "[e]ven if the plaintiffs' allegations are accepted as true, they do not state a violation of their Eighth Amendment rights." As the district court noted:

> While crowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Inmates "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*,175 F.3d 378, 405 (6th Cir. 1999). Although the plaintiffs may have been subjected to uncomfortable living conditions, they do not allege with any specificity that they were subjected to conditions that could reasonably be described as an unnecessary and wanton infliction of pain. Plaintiffs have not alleged a deprivation which triggers Eighth Amendment scrutiny.

Without question, "[p]rison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Harsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation, however. Rather, "extreme deprivations" must be alleged in order to support a prison-overcrowding claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In this case, the plaintiffs have failed

to allege that the conditions of their confinement were sufficiently onerous to state a claim under the Eighth Amendment. *See, e.g., Preston v. Smith*, 750 F.2d 530, 534 (6th Cir. 1984) (finding no Eighth Amendment violation where prisoner alleged that his segregation cell lacked a mattress or hot water); *Coleman v. Governor of Michigan*, 413 F. App'x 866, 875 (6th Cir. 2011) (holding that complaints of "lack of access to televisions, better shoes, specific dental products and different lighting" did not state a claim of an Eighth Amendment violation). Although the FCI Elkton inmates may have been inconvenienced by the increased population, overcrowding is not, in itself, a constitutional violation, and the plaintiffs have not alleged that the allegedly overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 345-48 (1981).

The plaintiffs' other allegations also fail to state a claim under Rule 12(b)(6). The statements regarding the ventilation system are conclusory, and the allegation regarding fire safety violations is speculative. Moreover, this case is distinguishable from *Brown v. Plata*, __ U.S. __, 131 S. Ct. 1910 (2011), on which the prisoners rely. In *Brown*, the Supreme Court concluded that California's prison population needed to be reduced because the overcrowding, which was at 200-300 percent of capacity, "impede[d] efforts to identify inmate medical or mental health needs and provide even rudimentary care." *Id.* at 1934. Here, however, the plaintiffs have not alleged overcrowding that rises to the level found to be unconstitutional in *Brown* and, thus, the district court did not err in concluding that the allegations failed to state a violation of the Eighth Amendment.

Nor did the district court err in dismissing the plaintiffs' due process claims. The plaintiffs have not set out a procedural due process claim because they do not allege that they have suffered an atypical or significant hardship, as required by *Sandin v. Conner*, 515 U.S. 472, 484 (1995). They have not set out a substantive due process claim because the conditions alleged to exist at FCI Elkton, even if proven, would not meet the "shock the conscience" standard applicable to such claims. *See, e.g.*, *Braley v. City of Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990).

Finally, the district court did not err in dismissing the complaint before providing the plaintiffs with discovery. The Prison Litigation Reform Act requires district courts to screen prisoner claims "before docketing, if feasible, or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a) & (b). In addition, district courts have no discretion to allow leave to amend to avoid *sua sponte* dismissal under the Act. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

For the reasons set out above, we AFFIRM the judgment of the district court.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** Because I believe that dismissal of this entire case based on failure to state a claim is premature, I respectfully dissent.

To avoid dismissal for failure to state a claim under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e), 1915A; 42 U.S.C. § 1997e(c), the prisoners were not required to prove the truth of their assertions; rather, they needed only to make allegations that, when viewed in their favor, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Flanory v. Bonn*, 604 F.3d 249, 252–53 (6th Cir. 2010).

I agree with the majority's conclusion that many of the plaintiffs' claims amount to no more than allegations of uncomfortable living conditions, which do not rise to the level of an Eighth Amendment claim. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The same is true for the plaintiffs' due-process claims, which do not meet the standards for stating either a procedural or a substantive due-process violation. Given the more lenient pleading standard afforded pro se litigants, however, I believe that a few of the plaintiffs' claims should have been permitted to move forward. In their fourth cause of action, for instance, the plaintiffs contend that prison officials cut off the hot water to the washing machines, thereby preventing inmates from washing their clothes in hot water in spite of numerous inmates having contracted staph infections. Compl. ¶¶ 10, 22. Similarly, the plaintiffs' fifth cause of action alleges that an inadequate and unhealthy ventilation system

has caused frequent respiratory infections in the prison population. *Id.* ¶¶ 11, 26. Both of these allegations raise the possibility of health or sanitation problems that, if treated with deliberate indifference by prison officials, could violate the prisoners' Eighth Amendment rights. *See Rhodes*, 452 U.S. at 348 (stating the Eighth Amendment's concern with "deprivations of essential food, medical care, or sanitation"); *cf. Board v. Farnham*, 394 F.3d 469, 475, 486 (7th Cir. 2005) (noting that the plaintiffs' claims based on the adverse health effects caused by an inadequate ventilation system had been permitted to proceed beyond the dismissal stage and holding that extremely poor ventilation could constitute an Eighth Amendment violation).

Although it is true that the plaintiffs' allegations do not align with those identified in the Supreme Court's decision in *Brown v. Plata*, 131 S. Ct. 1910 (2011), nothing in *Brown* suggests that only alleged violations as egregious as those occurring in the prisons involved in that case can avoid dismissal under the PLRA. Moreover, even conditions that create only a future risk of unreasonable health issues can raise Eighth Amendment concerns. *Flanory*, 604 F.3d at 255 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). Accordingly, I would reverse the district court's order of dismissal of the plaintiffs' fourth and fifth causes of action and remand for further proceedings.