KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because I believe that dismissal of this entire case based on failure to state a claim is premature, I respectfully dissent.
To avoid dismissal for failure to state a claim under the Prison Litigation Reform *561 Act (PLRA), 28 U.S.C. §§ 1915(e), 1915A; 42 U.S.C. § 1997e(c), the prisoners were not required to prove the truth of their assertions; rather, they needed only to make allegations that, when viewed in their favor, “state a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Flanory v. Bonn, 604 F.3d 249, 252-58 (6th Cir.2010).
I agree with the majority’s conclusion that many of the plaintiffs’ claims amount to no more than allegations of uncomfortable living conditions, which do not rise to the level of an Eighth Amendment claim. Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The same is true for the plaintiffs’ due-process claims, which do not meet the standards for stating either a procedural or a substantive due-process violation. Given the more lenient pleading standard afforded pro se litigants, however, I believe that a few of the plaintiffs’ claims should have been permitted to move forward. In their fourth cause of action, for instance, the plaintiffs contend that prison officials cut off the hot water to the washing machines, thereby preventing inmates from washing their clothes in hot water in spite of numerous inmates having contracted staph infections. Compl. ¶¶ 10, 22. Similarly, the plaintiffs’ fifth cause of action alleges that an inadequate and unhealthy ventilation system has caused frequent respiratory infections in the prison population. Id. ¶¶ 11, 26. Both of these allegations raise the possibility of health or sanitation problems that, if treated with deliberate indifference by prison officials, could violate the prisoners’ Eighth Amendment rights. See Rhodes, 452 U.S. at 348, 101 S.Ct. 2392 (stating the Eighth Amendment’s concern with “deprivations of essential food, medical care, or sanitation”); cf. Board v. Farnham, 394 F.3d 469, 475, 486 (7th Cir.2005) (noting that the plaintiffs’ claims based on the adverse health effects caused by an inadequate ventilation system had been permitted to proceed beyond the dismissal stage and holding that extremely poor ventilation could constitute an Eighth Amendment violation).
Although it is true that the plaintiffs’ allegations do not align with those identified in the Supreme Court’s decision in Brown v. Plata, — U.S. -, 131 S.Ct. 1910, 179 L.Ed.2d 969 (2011), nothing in Brown suggests that only alleged violations as egregious as those occurring in the prisons involved in that case can avoid dismissal under the PLRA. Moreover, even conditions that create only a future risk of unreasonable health issues can raise Eighth Amendment concerns. Flanory, 604 F.3d at 255 (citing Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). Accordingly, I would reverse the district court’s order of dismissal of the plaintiffs’ fourth and fifth causes of action and remand for further proceedings.