**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016[*]
Decided September 22, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1714

| | |
|---|---|
| VALIANT GREEN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 15-cv-540-bbc |
| DAVID G. BETH, et. al, *Defendants-Appellees*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

In this suit under 42 U.S.C. § 1983 Valiant Green, a pre-trial detainee, contends that Wisconsin jail staff violated the Fourteenth Amendment in two ways. First he alleges that the jail staff ignored the danger that the jail's contaminated food poses to detainees. Second he asserts that jail staff delayed treating his injury from that food. The

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have unanimously agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), concluded that it did not validly state a claim, and dismissed it with prejudice. We review this dismissal de novo and apply the standard for Rule 12(b)(6) dismissals, which is to take all well-pleaded allegations as true and construe them favorably to the plaintiff. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). Viewed this way, we conclude that Green has adequately pleaded his two Fourteenth Amendment claims, so we vacate the judgment and remand.

Green split a tooth and damaged three others when in September 2014 he bit into a rock embedded in his lunch food at the Kenosha County Detention Center. Before his injury it was "common" for detainees to become wounded by eating the jail food because it often contained "foreign objects." He specifies three incidents. In one, a detainee suffered a chipped tooth, and in another, the inmate's gums bled. Green alleges "[u]pon information and belief" that before his injury the jail administrators "were aware of the ongoing incidents at [the jail] where inmates were biting onto foreign objects in the food," but they did "nothing" to prevent recurrences.

Green did not receive immediate medical attention for his damaged teeth. Although he asked for medical attention right after the rock split his teeth, a nurse "deliberately delayed providing plaintiff medical treatment for six (6) days." The delay caused him "ongoing pain in his mouth, along with intermittent bleeding." The pain and bleeding was "so unsettling" that he could not sleep for several nights.

Green's amended complaint proposes two sets of defendants. The first consists of the jail administrators (the Kenosha County Sheriff, the detention center's lieutenant, and the kitchen manager) for their deliberate indifference to the known danger of food contaminated with foreign objects. The second is "Jane and/or John Doe Nursing Staff" for the nurse's deliberate indifference to his medical needs. (He also sued another defendant, but on appeal Green does not challenge the dismissal of him).

The district court dismissed the complaint with prejudice. It recognized that jail officials violate the Eighth and Fourteenth Amendments if jail conditions pose a substantial risk of harm and the officials are deliberately indifferent to the risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It also assumed that Green had adequately alleged that the jail's food posed a sufficiently serious risk of harm. But, the court ruled, without more details about the previous incidents, Green's "conclusory" allegations did not adequately state that the defendants knew of and disregarded the risk of persistent food problems. The court also dismissed Green's claim about medical indifference. It reasoned that Green did not allege what the unnamed defendant knew about his needs,

how that defendant responded, and who was responsible for scheduling the dental appointments. Green timely moved for reconsideration, *see* FED. R. CIV. P. 59(e), asking the judge to recruit counsel. But the judge decided that counsel would be of no help because, she concluded, discovery was unlikely to produce any helpful information.

In this court Green challenges the dismissal of his complaint, arguing that the district court held him to a heightened, fact-pleading standard. We begin with Green's claim about the jail's food. A pre-trial detainee states a claim that jail officials violated the Fourteenth Amendment by alleging a serious risk of substantial harm that they deliberately ignored. *Rosario v. Brawn*, 670 F.3d 816, 820–21 (7th Cir. 2012). Green has adequately alleged a serious risk of severe harm. He describes an "ongoing" problem of injuries from food contamination, details his own injury of four damaged teeth, bleeding, and pain, and specifies that at least two other inmates were similarly harmed. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (tooth decay is a sufficiently serious medical condition because of pain and risk of infection); *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) (dental pain and broken teeth are sufficiently serious harms); *Flanory v. Bonn*, 604 F.3d 249, 255–56 (6th Cir. 2010) (tooth pain and gum disease are serious harms); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (swollen, bleeding gums, loose teeth, and extreme tooth pain are serious harms).

Green also adequately alleged that the defendants knew about the harm. He asserts that the jail administrators "were aware of" the problem of food contamination but ignored it. Under Federal Rule of Civil Procedure 9(b), "knowledge[] and other conditions of a person's mind may be alleged generally." *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (conclusory allegations are sufficient where they are plausible and give sufficient notice to defendants). Although Green's allegation of the defendant's knowledge was based "on information and belief," we have allowed such pleading in similar circumstances. *See Brown v. Budz*, 398 F.3d 904, 913–14, 16 (7th Cir. 2005) (allowing inmate to plead defendants' knowledge of and reckless disregard for risk to health upon information and belief where "[w]hat the defendants knew of the risk . . . and when they knew of it is a matter peculiarly reserved to their memories and files"); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (plaintiff may plead upon information and belief where "facts are particularly in possession and control of defendant" or where "the belief is based on factual information that makes the inference of culpability plausible").

The district court correctly, but irrelevantly, observed that Green did not allege how or when each defendant learned about each incident. "To survive dismissal at this

stage, the complaint need not state the respects in which the defendant was alleged to [have acted wrongly] . . . although such specificity certainly would be required at the summary judgment stage." *Tamayo*, 526 F.3d at 1084–85. Only plausibility is required now. *Id.* Given the senior positions of the defendants and the allegedly "common," "ongoing" food contamination, Green plausibly alleged that the defendants "were aware of" it, even if he did not detail how and when they knew. After discovery, Green will have to prove what the defendants knew, when they knew it, and any role they had in shaping a response to the problem.

We also conclude that Green properly alleged a claim against the unnamed staff member who, Green asserts, needlessly made him wait six days to treat his broken teeth, causing him serious pain. This allegation states a claim for deliberate indifference. *See Petties v. Carter*, No. 14-2674, 2016 WL 4631679, at *5 (7th Cir. Aug. 23, *amended* Aug. 25, 2016) (en banc) (inexplicable delay in treatment that serves no penological interest and prolongs pain supports inference of deliberate indifference); *McGowan v. Hulick*, 612 F.3d 636, 639–40 (7th Cir. 2010) (same); *Grieveson v. Anderson*, 538 F.3d 763, 778–80 (7th Cir. 2008) (same). The district court should have allowed Green, who is now in a different facility, an opportunity to discover the name of the person who allegedly and needlessly postponed his medical treatment. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995); *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981); *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 (1st Cir. 2007).

Finally, Green argues that the district court abused its discretion by denying his Rule 59(e) request for counsel. The district court reasoned that discovery would not help him acquire useful facts. But that was not the proper inquiry: "*Pruitt* nowhere suggests that a district court should consider whether recruiting counsel would affect the outcome of a case; instead, that inquiry is reserved for the appellate court's review for prejudice." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (per curiam) (citing *Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc)). The question for the district court was whether Green reasonably tried to retain counsel and whether, given the difficulty of the case, he could litigate it on his own. *See Pruitt*, 503 F.3d at 654–55. The district court on remand should therefore reconsider Green's request for counsel, bearing in mind that Green is now confined in a different facility, so his access to information is impaired. *See Junior v. Anderson*, 724 F.3d 812, 815–16 (7th Cir. 2013) (recognizing the need for recruiting counsel to assist prisoner who cannot gain access to relevant witnesses and documents); *Santiago v. Walls*, 599 F.3d 749, 762–65 (7th Cir. 2010) (same); *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991) (same).

Accordingly we vacate the judgment and remand for further proceedings.