File Name: 07a0070n.06

Filed: January 29, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-1271

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

ADRON L. FLOYD,

      Plaintiff-Appellant,

v.

PATRICIA CARUSO, et al.,

      Defendant-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

_____/

Before:     MARTIN, GUY, and CLAY, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Plaintiff Adron Floyd, an inmate at the Alger Maximum Correctional Facility in Michigan, brought this action against several Michigan Department of Corrections Officials, alleging among other things that he was assaulted by certain defendants, and that others failed to intervene or were deliberately indifferent to his safety and resulting medical needs, in violation of his rights under the Eighth and Fourteenth Amendments.

The district court dismissed Floyd's complaint based on his failure to exhaust administrative remedies under 42 U.S.C. § 1997e, part of the Prison Litigation Reform Act. Applying this Court's existing precedent, the district court specifically found that Floyd's complaint contained both exhausted and unexhausted claims, that Floyd failed to plead exhaustion of each of his claims with specificity, and that he failed to plead exhaustion with respect to each named defendant. All of these

failures were considered fatal to his cause of action.

After Floyd brought the present appeal, the Supreme Court granted certiorari in *Jones v. Bock*, 126 S. Ct. 1462 (2006), and we held his appeal in abeyance pending the disposition of that case. The Supreme Court recently issued its decision in *Jones*, reversing the relevant precedent of this Court on all three exhaustion issues, and holding that (1) "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints;" (2) "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances;" and (3) where a complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety. *Jones v. Bock*, Nos. 05-7058 and 05-7142, slip op. at 15-16, 19, 19-23 (U.S. Jan. 22, 2007).

Based on the Supreme Court's ruling in *Jones*, we reverse the district court's full dismissal of Floyd's complaint, and remand the case for further proceedings consistent with *Jones*.