File Name:  07a0073n.06
Filed:  January 30, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  05-1026

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

FREDRICK FISHER,

    Plaintiff-Appellant,

v.

GEORGE PRIMSTALLER et al.,

    Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:    MARTIN, GUY, and CLAY, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  Plaintiff Fredrick Fisher, an inmate at the Southern Michigan Correctional Facility, brought this action against several Michigan Department of Corrections Officials, alleging that they denied him necessary medical care in violation of the Eighth Amendment, retaliated against him for his use of the prison's grievance process in violation of the First Amendment, and conspired to obstruct justice in violation of 42 U.S.C. § 1985.

The district court dismissed Fisher's complaint based on his failure to exhaust administrative remedies under 42 U.S.C. § 1997e, part of the Prison Litigation Reform Act.  Applying this Court's existing precedent, the district court specifically found that Fisher's complaint contained both exhausted and unexhausted claims, that Fisher failed to plead exhaustion of each of his claims with specificity, and that he failed to plead exhaustion with respect to each named defendant.  All of these

failures were considered fatal to his cause of action.

After Fisher brought the present appeal, the Supreme Court granted certiorari in *Jones v. Bock*, 126 S. Ct. 1462 (2006), and we held his appeal in abeyance pending the disposition of that case. The Supreme Court recently issued its decision in *Jones*, reversing the relevant precedent of this Court on all three exhaustion issues, and holding that (1) "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints;" (2) "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances;" and (3) where a complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety. *Jones v. Bock*, Nos. 05-7058 and 05-7142, slip op. at 15-16, 19, 19-23 (U.S. Jan. 22, 2007).

Based on the Supreme Court's ruling in *Jones*, we reverse the district court's full dismissal of Fisher's complaint, and remand the case for further proceedings consistent with *Jones*.