NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0206n.06
Filed: March 21, 2007

**No. 05-4363**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

IRVING FRANK KRAMER, JR.,                    )
                                             )
    Plaintiff-Appellant,                     )
                                             )
v.                                           )    ON APPEAL FROM THE UNITED
                                             )    STATES DISTRICT COURT FOR
                                             )    THE NORTHERN DISTRICT OF
REGINALD A. WILKINSON and RONALD C.          )    OHIO
MOOMAW,                                      )
                                             )
    Defendants-Appellees.                    )

Before: SILER, MOORE, and GILMAN, Circuit Judges.

**PER CURIAM**. Plaintiff Irving F. Kramer, Jr. appeals the district court's dismissal of his 42 U.S.C. § 1983 claim alleging that the quality of mental health services provided by the Ohio prison system has decreased, that he was treated inappropriately by staff, and that he has been forced to take psychotropic medication. We reverse and remand in light of recent authority.

## BACKGROUND

In 2005, Kramer filed a *pro se* complaint against Reginald Wilkinson[1] and Dr. Ronald Moomaw[2] (collectively, "Defendants") in district court, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. Kramer's complaint alleges that "[m]ental

---

[1]Director of the Ohio Department of Rehabilitation and Correction ("ODRC").

[2]Director of Clinical Services, ODRC Bureau of Mental Health Services.

health in the Ohio prison system has gone down . . . " and that "two doctors [have said he] would have to go off [his] medication (lithium) because of kidney failure." Kramer also claims that he was placed in solitary confinement, sprayed with mace, and given shots against his will, all in an effort to force him to "conform to his meds." In March 2005, Defendants filed a motion to dismiss, arguing, *inter alia*, that Kramer failed to exhaust administrative remedies. Three days later, the district court, sua sponte, dismissed Kramer's complaint without prejudice for failure to exhaust his administrative remedies before seeking judicial relief. The district court then denied Defendants' motion to dismiss as moot.

## STANDARD OF REVIEW

We review the dismissal of a prisoner's civil rights claim for failure to exhaust administrative remedies *de novo*. *Boyd v. Corrs. Corp. of America*, 380 F.3d 989, 993 (6th Cir. 2004).

## DISCUSSION

The district court below dismissed Kramer's complaint for failure to prove exhaustion of administrative remedies pursuant to the Sixth Circuit's heightened pleading standards that were designed to facilitate the screening requirement of the Prison Litigation Reform Act ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. 1997e *et seq*. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (per curiam). Under these heightened pleading standards, prisoners bore the burden of pleading and proving exhaustion. *See Brown*, 139 F.3d at 1104.

In *Jones v. Bock*, 127 S. Ct. 910 (2007), however, the Supreme Court recently invalidated these heightened pleading standards, holding that "failure to exhaust is an affirmative defense under

No. 05-4363
Kramer v. Wilkinson, et al.

the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921. Although *Jones* was not decided at the time the district court dismissed Kramer's complaint, it is now controlling precedent.  Thus, Kramer does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.

We therefore REVERSE the district court's sua sponte dismissal of Kramer's complaint and REMAND for further proceedings consistent with this opinion.