NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0773n.06
Filed: November 1, 2007

No. 06-5908

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL DOTSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CORRECTIONAL MEDICAL SERVICES; | ) | WESTERN DISTRICT OF TENNESSEE |
| JAMES H. SMITH; SAMANTHA PHILLIPS; | ) | |
| TONY PARKER; PEARL ALEXANDER; | ) | |
| QUENTON WHITE, Commissioner of the | ) | |
| Tennessee Department of Corrections, and his | ) | |
| successor; GEORGE LITTLE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

PER CURIAM. Michael Dotson appeals the dismissal of his 42 U.S.C. § 1983 and state-law medical-malpractice claims against health care providers, prison administrators, and a prison medical service for failure to plead exhaustion of administrative remedies. Because the district court improperly allocated the burden of proving exhaustion to Dotson, we vacate the district court's opinion and remand for further proceedings to determine whether Dotson has any exhausted meritorious claims.

I

Michael Dotson, a state prison inmate, injured his ankle during a basketball game on New Year's Eve. His ankle swelled and pained him, going initially untreated because the prison medical facility lacked holiday staff. Dotson complains of inconsistent care and the denial of his request to see an orthopedic specialist.

Dotson brought two unsuccessful grievances in the prison system, then filed this suit against Correctional Medical Systems (the prison health care service), Dr. James Smith (Medical Director and treating physician), Samantha Phillips (Health Services Administrator), Pearl Alexander (treating nurse), Tony Parker (Warden), Quenton White (then-Commissioner), and George Little (Commissioner). Dotson's first count invokes § 1983 against all defendants, alleging cruel and unusual punishment in violation of the Eighth Amendment. His second count, seeking supplemental jurisdiction, alleges that Dr. Smith committed medical malpractice.

In his first complaint, Dotson stated that he had exhausted his claims through the three required levels of administrative review, but he neglected to include copies of the entire administrative record. By amended complaint, Dotson tried to supply the missing pages. Reviewing the initial complaint only, the district court dismissed the entire complaint for failure to specially plead exhaustion. In doing so, the court cited Dotson's affirmative burden under the Prison Litigation Reform Act ("PLRA") to demonstrate complete exhaustion and this court's then-existing policy disfavoring amended pleadings. Moreover, the court found that Dotson failed to exhaust his

grievances because the first grievance did not name responsible individuals, but only "the doctor" and "the Health Administrator." After dismissing the federal claims, the court declined to exercise supplemental jurisdiction over the medical malpractice claim.

Dotson appeals, arguing that the district court should have permitted him to file an amended complaint and that *Jones v. Bock*, 127 S. Ct. 910 (2007), does not require him to plead exhaustion.

II

This court reviews de novo a district court's dismissal of an inmate's civil rights complaint for failure to plead exhaustion of administrative remedies. *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001).

The PLRA requires prisoners to forgo filing § 1983 claims in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Recognizing the benefits of prison autonomy and judicial economy, we imposed a series of procedural hurdles for the PLRA litigant. *See generally Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005). We required prisoners to prove, among other things, that they exhausted all claims by attaching the complete administrative record to their complaints. *See id.* at 805; *see also Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). In addition, we forbade amended complaints, requiring prisoners to plead correctly the first time. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002).

But the Supreme Court overruled this body of procedural requirements in *Jones v. Bock*, 127 S. Ct. 910 (2007). Finding no statutory language to alter the ordinary pleading rules, the Court held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921. The Court further held that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id*. at 923.

In this case, without resistance from the defendants, we continue our practice of remanding claims to the district court to evaluate prematurely dismissed PLRA claims per *Jones*'s instructions. *See, e.g.*, *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (remanding for relief under Federal Rule of Civil Procedure 60(b)(1) based on *Jones*); *Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. 2007) (per curiam) (reversing and remanding, where the district court applied heightened pleading standards to dismiss complaint); *Fisher v. Primstaller*, 215 F. App'x 430, 431 (6th Cir. 2007) (same); *Floyd v. Caruso*, 216 F. App'x 478, 479 (6th Cir. 2007) (remanding mixed complaint for district court to consider exhausted claims).

III

Because the district court relied on since-slackened PLRA procedural requirements, we vacate the district court's decision and remand so that the district court may determine exhaustion consistent with *Jones*, the merits of any exhausted claims, and the propriety of exercising supplemental jurisdiction over Dotson's state-law medical-malpractice claim.