**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0796n.06

**No. 09-5441**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HAROLD LYNN WOLFE, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ESCO JARNIGAN, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
**Dec 16, 2009**
LEONARD GREEN, Clerk

Before: GUY, SUTTON and GRIFFIN, Circuit Judges.

SUTTON, Circuit Judge.  At stake in this § 1983 free-speech retaliation action is whether Hamblen County Sheriff Esco Jarnigan refused to promote Harold Wolfe because Wolfe supported Jarnigan's opponent in the 2006 election.  The district court denied Jarnigan qualified immunity at the summary judgment stage, and we affirm.

I.

Wolfe worked as a Hamblen County patrol deputy, detective and eventually chief detective until his patrol cruiser crashed into "a large lighted sign" in December 2000.  R.26 Ex. 2 at 1.  The force of the accident ejected Wolfe from the cruiser, putting him in a coma for several days.  He pleaded guilty to driving while impaired and resigned from his job.

Wolfe returned to the Sheriff's Department in July 2005, when then-Sheriff Otto Purkey hired him as a jail deputy. Wolfe broached the idea of being allowed to resume his patrol deputy or detective duties, but Purkey told him he would have to serve as a jail deputy for at least a year before he would consider the request.

In 2006, when Purkey ran for re-election, Jarnigan ran against him on a platform that included eliminating costly mismanagement and legal liabilities, such as dangerous behavior by patrol deputies. As part of the campaign, Jarnigan distributed mailers highlighting Wolfe's rehiring as an example of Purkey's mismanagement. Wolfe openly supported Purkey's re-election, as he had in the past. Jarnigan won the race and became Sheriff in September 2006.

After Jarnigan became Sheriff, Wolfe took the patrol deputy exam. He consistently scored higher than the other applicants, but the Hamblen County civil service rules allowed Jarnigan to promote any of the five highest-scoring test-takers. Invoking that discretion, Jarnigan promoted other (lower-scoring) candidates whenever a patrol deputy position opened up. Jarnigan offered to promote Wolfe to jail sergeant if he would take the necessary test. But Wolfe declined the offer because that promotion would make him temporarily ineligible for a patrol position.

Wolfe claims that Jarnigan told him on several occasions that he would have received the promotion but for his support of Purkey in the election. Hoping to capture this on tape, Wolfe secretly recorded a conversation with Jarnigan. But Jarnigan never mentioned Wolfe's support of Purkey during the conversation; he instead told Wolfe that he would not promote him to patrol

deputy because Wolfe had betrayed the public trust and promoting him would hurt Jarnigan's re-election chances.

In January 2008, Wolfe filed this § 1983 action against Jarnigan, raising a First Amendment retaliation claim (and a due process claim not at issue in this appeal). Jarnigan moved for summary judgment on qualified-immunity grounds, and the district court denied the motion in relevant part.

II.

A.

To overcome a qualified-immunity defense, a claimant must show (1) that the defendant violated a "constitutional right" and (2) that the right "was clearly established" at the time. *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 815–16 (2009) (quotation marks omitted). Because this comes to us at the summary judgment stage, we give the non-movant—Wolfe—the benefit of all reasonable factual inferences. *See Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

To prove retaliation, a plaintiff must show (1) that he engaged in protected conduct; (2) that the defendant took an adverse action against the plaintiff that "would deter a person of ordinary firmness from continuing to engage" in the protected conduct; and (3) that the adverse action "was motivated at least in part by the plaintiff's protected conduct." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir. 2000). If the plaintiff makes this showing, the burden shifts to the defendant to prove the harmlessness of the retaliation: that, even if Jarnigan had an impermissible motive, he

would have taken the same adverse action against Wolfe "in the absence of the protected conduct." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Sowards*, 203 F.3d at 431.

Jarnigan's appeal focuses on the last question—the *Mt. Healthy* question. A jury, he says, could not find that he would have promoted Wolfe but for his support of Purkey in the 2006 election in view of Wolfe's 2000 accident. But Jarnigan did not present this *Mt. Healthy* defense below—not in his answer, not in his motion to dismiss, not in his motion for summary judgment. He instead challenged Wolfe's ability to satisfy the third prong of the prima facie case, arguing that Wolfe never showed that Jarnigan's promotion decision was motivated in part by Wolfe's support of Purkey. By not raising this *Mt. Healthy* defense below, Jarnigan forfeited the right to raise it on appeal. *See Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006). Enforcing this forfeiture rule ensures that parties have "the opportunity to offer all the evidence they believe relevant" before potentially losing at the summary judgment stage. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Enforcing this rule in the context of an interlocutory appeal has another virtue: It permits meaningful review of an appeal based on the *current* record. The district court did not have an opportunity to evaluate the record with an eye towards Jarnigan's *Mt. Healthy* defense. It may have overlooked, or simply decided not to mention, certain record-supported facts or inferences relevant to the *Mt. Healthy* question but irrelevant to the issues before it.

One aspect of Jarnigan's newly raised *Mt. Healthy* defense, it is true, overlaps in part with an argument he made below. Jarnigan noted that Tenn. Code Ann. § 38-8-106 prohibits Wolfe from serving as a patrol officer due to his DWI conviction and that this statute provides an "[a]dditional[]" reason for granting summary judgment. R.25 at 9. In pointing to this statute below, however, Jarnigan argued only that it made Wolfe's § 1983 claim "moot," and, even then, he did so only *after* ending his argument that Wolfe "ha[d] not alleged the deprivation of a constitutional right." R.25 at 9–10; *see also* R.10 at 3, 6 (treating § 38-8-106-based dismissal and qualified immunity as distinct grounds for Rule 12(b)(6) dismissal). To say that § 38-8-106 moots Wolfe's claim is hardly the same thing as saying that it supports an argument—the *Mt. Healthy* defense—never made.

B.

Jarnigan also claims that the district court improperly allowed Wolfe to defeat summary judgment by filing an affidavit, after Jarnigan moved for summary judgment, that contradicted his deposition testimony and thus created "a sham issue of fact." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). We review the district court's decision to entertain or reject affidavits on this ground for abuse of discretion. *Id.* at 906.

The targeted affidavit says that Jarnigan told Wolfe "several times" that he would not promote Wolfe to a road deputy position because Wolfe "supported Sheriff Purkey in 2006." R.31 at 2. Yet, Jarnigan argues, Wolfe did not make this claim at his deposition, saying only that Jarnigan told him

seven or eight times that he would not promote Wolfe for "political reasons," R.26 Ex. 1 at 52–53, which could mean that Jarnigan would not promote him because it would hurt his re-election chances.

The problem with this claim is again one of preservation. We cannot review whether the district court abused its discretion because Jarnigan never asked the district court to exercise that discretion. He did not file a motion to strike the affidavit before the district court or otherwise argue that it could not be considered. *Cf. Aerel*, 448 F.3d at 906. And while he called the affidavit "disingenuous at best and outright false at worst" in his reply brief below, R.34 at 4, his brief never cites any of our cases discussing sham affidavits and never squarely asks the district court to strike the affidavit or otherwise disregard it. It instead asks the district court to weigh the affidavit against the other record evidence—or, at least, that is how the district court (reasonably) construed Jarnigan's argument. By not squarely objecting below through either a motion to strike or a properly presented objection in his reply brief, Jarnigan wavied his right to object on appeal. *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

## C.

Jarnigan next claims that Wolfe cannot sue him in his individual capacity for official acts taken as Hamblen County Sheriff. We disagree, as does the Supreme Court. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Jarnigan is subject to suit under § 1983 only because he acted under color of state law, and the critical factor that makes him subject to suit under § 1983 cannot simultaneously insulate him from liability. *Id.* at 27–28. Adopting Jarnigan's view, which would disallow almost all

individual-capacity suits under § 1983, would also eliminate money damages as a remedy for constitutional violations by State officials. *See Edelman v. Jordan*, 415 U.S. 651, 667–68 (1974) (holding plaintiffs cannot collect money damages in § 1983 official-capacity suits against State officials).

III.

For these reasons, we affirm.