NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0410n.06

No. 09-5923

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 12, 2010**
LEONARD GREEN, Clerk

MICHAEL DOTSON,                                   )
                                                  )
    Plaintiff-Appellant,                      )
                                                  )
        v.                                )
                                                  )
SAMANTHA PHILLIPS; PEARL ALEXANDER;               )
CORRECTIONAL MEDICAL SERVICES; JAMES              )
K. SMITH, M.D.,                                   )
                                                  )
    Defendants-Appellees.                     )
                                                  )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

BEFORE:  KENNEDY, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge. Michael Dotson, a Tennessee prisoner, alleges that the defendants in this action violated his Eighth Amendment rights by acting with deliberate indifference to an ankle sprain Dotson suffered during his incarceration. Because the uncontested medical records demonstrate that the defendants provided Dotson with continual care for his injury, Dotson cannot establish the necessary elements of an Eighth Amendment violation.

Michael Dotson is a Tennessee state prison inmate incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee. On December 31, 2004, Dotson injured his left ankle while playing basketball, an injury which Dotson describes as extremely painful. Dotson was examined by a nurse at the prison's clinic in the evening of the day of his injury. Dotson's medical records indicate that the nurse on duty, Sarah Quentero, observed swelling in Dotson's ankle and noted that

Dotson denied tenderness during the examination. Nurse Quentero assessed that Dotson had sprained his ankle, issued Dotson acetaminophen and a bag that Dotson could use to create an ice pack, and instructed Dotson to elevate his ankle and to return to the clinic if his ankle did not improve within five days. The parties dispute whether Dotson missed an appointment at the prison clinic on January 3, 2005, or whether Dotson was denied the opportunity to see a medical professional on that day. On January 4, Dr. James Smith examined Dotson's ankle. Dr. Smith observed swelling and ankle tenderness, and agreed with Nurse Quentero's assessment that Dotson had sprained his ankle. Dr. Smith ordered five days of ibuprofen for Dotson and an x-ray of Dotson's ankle to ensure that Dotson had not suffered a bone fracture. The x-ray revealed a normal left ankle.

Dotson returned to the clinic on January 7 and was seen by Nurse Debbie Massey. Dotson complained of continuing pain, and Nurse Massey issued Dotson crutches for five days, placed Dotson on five days' limited activity, and instructed Dotson to elevate his foot. On January 12, the medical staff called Dotson to the prison clinic and Nurse (and here defendant) Pearl Alexander informed him of the result of his x-ray. Dotson was dissatisfied with the staff's assessment of his condition and requested an MRI. On January 14, the medical staff again called Dotson to the clinic. Nurse Alexander required Dotson to return his crutches and advised him that if he still believed that he needed crutches, he should request to see Dr. Smith for reevaluation.

Dotson returned to the clinic on January 17, complaining of pain and protesting that his medication and crutches had been prematurely withdrawn. Nurse Quentero suggested that Dotson see Dr. Smith. On January 25, Dotson returned to the clinic, and Dr. Smith examined Dotson.

Dotson related that he had re-injured his ankle stepping on a shoe during the night. Dr. Smith ordered an x-ray, which again revealed a normal left foot.

Dotson returned to the clinic four times during the spring and summer of 2005. He continued to complain of pain in his ankle, but by August 26, Dotson was able to resume playing basketball. Dotson was transferred to a facility in Nashville, Tennessee, in October 2005 to receive an MRI. The MRI revealed residual soft tissue swelling but no evidence of any fracture, bone marrow edema, or tendon injury. In December 2005, Nurse Alexander issued Dotson an ankle brace.

On December 30, 2005, Dotson filed suit against Dr. Smith, Nurse Alexander, Samantha Phillips—the health administrator for the prison—and other defendants no longer relevant to this case. Dotson alleged that the defendants had deprived him of his Eighth Amendment right to be free from cruel and unusual punishment, and he requested that the district court exercise supplemental jurisdiction over a state law medical malpractice claim against Dr. Smith. The district court initially dismissed the suit pursuant to this court's then-existing precedent interpreting the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), for failing to plead exhaustion of Dotson's administrative remedies. On appeal, this court reversed in light of *Jones v. Bock*, 549 U.S. 199 (2007), which had held that pleading exhaustion was not required by the PLRA. *Dotson v. Corr. Med. Servs.*, 253 F. App'x 536 (6th Cir. 2007).

On remand, the parties conducted limited discovery and the district court dismissed defendants not relevant to this appeal. The district court then granted Dr. Smith's motion for summary judgment, concluding that Dotson's ankle sprain was not a serious medical need and that Dotson had not presented sufficient evidence such that a jury could find that Dr. Smith was

deliberately indifferent to Dotson's injury. The court also determined that it lacked jurisdiction over Dotson's state-law malpractice claim, a conclusion that Dotson has not challenged on appeal. Finally, the district court rejected Dotson's claim that he ought to have been allowed to conduct additional discovery, noting that Dotson had not filed a Federal Rule of Civil Procedure 56(f) affidavit and had not otherwise demonstrated any need for additional discovery. Dotson filed a motion pursuant to Federal Rule of Civil Procedure 59(e) requesting that the court amend its order granting summary judgment to Dr. Smith and belatedly attaching a Rule 56(f) affidavit. The affidavit suggested that additional discovery was necessary: (1) to determine who, if anyone, decided not to transport Dotson to a hospital on the night of his injury; (2) to retain an expert to review the treatment of Dotson's ankle and the seriousness of his injury; (3) to investigate the qualifications and staffing levels of prison medical personnel; and (4) to review Dr. Smith's record and to determine the circumstances surrounding the termination of Dr. Smith's employment as a prison physician. The district court denied the motion on the basis that Dotson had failed to demonstrate that the court's decision granting summary judgment was mistaken. The district court then granted defendants Alexander and Phillips's motion for summary judgment on the same bases on which it had granted Dr. Smith's motion.

Dotson now appeals, arguing that he presented facts upon which a jury could determine that the defendants had been deliberately indifferent to his serious medical needs and that the district court ought to have allowed more time for discovery. Particularly, he argues that the four-day delay between his injury and his examination by a doctor and the removal of his crutches after only five days demonstrate the defendants' indifference to his injury.

Dotson is not entitled to relief because, taking the facts in the light most favorable to Dotson, no reasonable jury could conclude that the defendants "knew of, and acted with deliberate indifference to, [Dotson]'s health or safety." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). Deliberate indifference is a necessary element of Dotson's claim that the defendants violated his Eighth Amendment rights. *Id.* at 253. Mere negligence does not amount to deliberate indifference, as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Dotson's claim fails because he can only allege negligence, not deliberate indifference, as prison medical personnel provided care to him at every stage of his injury. Dotson suggests that Nurse Quentero ought to have provided more than pain relief medication, a bag for ice, and an invitation to return to the clinic after five days when Dotson presented with his injured ankle on December 31, 2004.[*] Dotson also suggests that he ought to have been issued crutches for longer than five days. With respect to the facts underlying both of these arguments, Dotson "'received some medical attention and the dispute is over the adequacy of the treatment.'" *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). In such a situation, "'federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.'" *Id.* (quoting *Westlake*, 537 F.2d at 860 n.5). There is no reason to depart from this general rule here, as neither the extent of the treatment on the day of Dotson's

---

[*]Nurse Quentero is deceased and thus was not a defendant in the present action. Dotson alleges that any indifference displayed by Nurse Quentero can be attributed to either Dr. Smith or Administrator Phillips. We need not determine whether this allegation is plausible in light of our conclusion that Nurse Quentero was not deliberately indifferent to Dotson's injury.

injury nor the limited duration of Dotson's access to crutches demonstrates deliberate indifference to Dotson's sprained ankle, even if Dotson believes that these actions did not represent proper treatment of his injury. Dotson is therefore unable to demonstrate that any of the defendants violated his Eighth Amendment rights.

In light of our conclusion, based on those parts of the evidence that are not disputed, that Dotson's rights were not violated, and in light of Dotson's failure to comply with Rule 56 in a timely manner, the district court did not abuse its discretion in not allowing additional time for discovery. Additionally, given our determination that Dotson did not demonstrate deliberate indifference on the part of any of the defendants, we need not and therefore do not reach the issue of whether Dotson's sprained ankle constituted a serious medical need.

For these reasons, we **AFFIRM** the judgment of the district court.