NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0461n.06

No. 14-5983

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 19, 2015
DEBORAH S. HUNT, Clerk

GARY McCLAIN, SR.,

    Plaintiff-Appellant,

v.

MASON COUNTY, KY; GERALD CURTIS; SCOTT POE; GARRY SANDERS, M.D.; MARY COLLINS, R.N.; and JOHN & JANE DOES 1-10, individually,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

---

BEFORE: GRIFFIN and DONALD, Circuit Judges; and TARNOW, District Judge.[*]

GRIFFIN, Circuit Judge.

Plaintiff Gary McClain, a former inmate at the Mason County, Kentucky detention center, brought this action under 42 U.S.C. § 1983 claiming that his jailers violated his constitutional rights by disregarding his serious medical needs during his incarceration. The district court concluded that McClain failed to exhaust his administrative remedies before filing the instant action. Because such exhaustion is a prerequisite to courts' consideration of his § 1983 claims under the Prison Litigation Reform Act (PLRA), the district court granted summary judgment in favor of defendants.

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

We agree with McClain that the district court erred when it concluded that McClain failed to exhaust his appeal rights with respect to a grievance he filed on April 8, 2012. We therefore reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

I.

In December 2011, following his arrest on a drug distribution charge, McClain was booked into the Mason County, Kentucky detention center ("the jail"). At the time of his admission into the jail, McClain suffered from high blood pressure and acid reflux. McClain disclosed this information to jail staff upon his booking and noted that he had a doctor's appointment scheduled for January 3, 2012.

According to Gerald Curtis, the Mason County jailer, inmates at the jail are permitted to submit grievances to jail staff "with respect to any and all aspects of their incarceration, including medical care," and it is standard policy to advise inmates of their right to file a grievance at the time of booking. The grievance policy is printed on the jail's grievance forms, to which all inmates have access, and states:

> All grievances must be filed within 48 hours of the even[t] or act that you are complaining about. [Curtis] or his designee will respond to [the] grievance within five (5) working days from it's [sic] receipt. In the event that you do not receive a response within ten (10) days, then your grievance has been deemed to have been filed regarding an event or act that is not eligible for this process . . . . If you are not satisfied with the initial response . . . you may appeal to [Curtis] or his designee within 48 hours of [the] initial response. [Curtis] or his designee will respond to your appeal within ten (10) days. If no response is received within that ten day period, the appeal has been otherwise denied.

McClain utilized this grievance procedure a number of times. McClain—along with several other inmates—filed a grievance on January 25, 2012, complaining that the heat in their area of the jail was too high. McClain filed another grievance on April 8, 2012. In it, he

complained that he had been refused medical treatment for his blood pressure and acid reflux. This grievance was denied on its merits. The denial noted that jail staff had failed to transport McClain to his January 3, 2012, doctor's appointment, but that as soon as the error was discovered, McClain was taken to a doctor on February 15, 2012. The denial further noted that McClain had seen jail medical staff on ten occasions since the beginning of his incarceration. McClain did not appeal the denial of the April 8 grievance. McClain filed another grievance on April 25, 2012, again complaining of the temperature.

McClain filed a complaint in the instant case on December 19, 2012, in the district court. He claimed that defendants' conduct in declining to give him adequate medical care deprived him of his constitutional rights under the Eighth and Fourteenth Amendments; McClain therefore sought relief under 42 U.S.C. § 1983. Plaintiff also asserted several state-law tort and administrative law claims.

McClain was deposed on October 16, 2013. Defendants moved for summary judgment on December 27, 2013, arguing that because McClain did not appeal his April 8, 2012, grievance, he failed to exhaust his administrative remedies—a prerequisite to relief under the PLRA.

On March 20, 2014, McClain filed two documents relevant to this appeal. First, McClain filed a declaration in which he averred: (1) that he was never given "verbal or written orientation" for filing grievances or appeals; (2) that prior to this suit, he had no idea how to appeal a grievance at all; and (3) that in addition to the grievances he filed on January 25, April 8, and April 25, he also filed a grievance related to his medical condition on or about February 22. Second, he filed a response to defendants' motion for summary judgment. In his response—and relying heavily on his declaration—McClain argued that he complied with the

jail's grievance procedure. Specifically, he argued that his February 22 grievance received no response from the jail, and that, because McClain claimed that he never saw the response to his April 8 grievance, "it was reasonable for [him] to fail to appeal the grievances."

The district court granted defendants' motion for summary judgment. As an initial matter, the district court declined to consider McClain's declaration because it was filed after his deposition and directly contradicted his deposition testimony that he was aware of the jail's grievance procedures, including the right to appeal. Because "[t]here is no evidence that McClain ever attempted to appeal the response he received to his April 8, 2012 grievance," the district court concluded that McClain failed to exhaust his administrative remedies. And, because the district court granted summary judgment in favor of defendants on McClain's federal claim, it declined to exercise jurisdiction to resolve his state-law claims.

Following the district court's grant of summary judgment, McClain filed this appeal.

II.

McClain argues that the district court erred when it granted summary judgment in favor of defendants. "We review de novo the district court's grant of summary judgment. Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Thomas M. Cooley Law Sch. v. Kurzon Strauss, LLP,* 759 F.3d 522, 527 (6th Cir. 2014) (internal citation and quotation marks omitted).

III.

The PLRA provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as

are available are exhausted." 42 U.S.C. § 1997e(a). As this court has previously held:

> This requirement is a strong one. . . . [E]xhaustion is required even if the prisoner subjectively believes the remedy is not available, *Brock v. Kenton Cnty.*, 93 F. App'x 793, 798 (6th Cir. 2004); even when the state cannot grant the particular relief requested, *Booth v. Churner,* 532 U.S. 731, 741 (2001); and "even where [the prisoners] believe the procedure to be ineffectual or futile. . . ." *Pack v. Martin,* 174 F. App'x 256, 262 (6th Cir. 2006).

*Napier v. Laurel Cnty.*, 636 F.3d 218, 222 (6th Cir. 2011). However—and critically in this

case—because the failure to exhaust is an affirmative defense on which defendants bear the

burden of proof, it may "serve as a basis for dismissal only if raised and proven by the

defendants." *Kramer v. Wilkinson*, 226 F. App'x 461, 462 (6th Cir. 2007) (citing *Jones v. Bock*,

549 U.S. 199, 217 (2006)); *see also Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 467 (6th

Cir. 2010).

In this case, there is no dispute that McClain was a prisoner at the time he filed the instant

§ 1983 action, nor is there any dispute that his medical requests relate to prison conditions.

Thus, the only issue is whether McClain fully exhausted the remedies "available" to him.

A.

We turn first to whether McClain fully exhausted his remedies as to his April 8, 2012,

grievance. We disagree with the district court's conclusion, and therefore reverse its grant of

summary judgment to the extent that his claims were exhausted by his April 8, 2012, grievance.

The grievance policy states that jail officials have ten days to respond to grievances, and

that, in the event jail officials do not respond in ten days, the inmate has no right to an appeal.

Scott Poe, the deputy jailer, confirmed this interpretation at his deposition when he testified that

"if an inmate doesn't receive a response from [jail officials] and that ten days has lapsed, there's

no appeal rights." Here, there is no date on the response McClain received to his April 8, 2012, grievance. Neither Poe nor Curtis could confirm that it was drafted within the ten-day period after the grievance was filed. And, McClain does not remember seeing the response within the ten-day period. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218. On the record as it currently exists, we are unable to determine whether the prison officials complied with their rules, as interpreted by them, that trigger McClain's right to appeal. Therefore, we cannot conclude that defendants established that McClain failed to exhaust his administrative remedies—which it was their burden to do. *Kramer*, 226 F. App'x at 462. Accordingly, we reverse the district court's grant of summary judgment insofar as it related to McClain's April 8, 2012, grievance.

B.

We next turn to McClain's alleged February 22, 2012, grievance—which he claims went unanswered (and for which no appeal was therefore available). The primary evidentiary support for the existence of this grievance is McClain's declaration. The district court declined to consider this declaration because it was filed after McClain's deposition, after defendants had filed their summary judgment motion, and—according to the district court—because it directly contradicted McClain's deposition testimony. In other words, the district court concluded that the declaration was filed in an attempt to create a "sham issue of fact." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). "We review the district court's decision to entertain or reject affidavits on this ground for abuse of discretion." *Wolfe v. Jarnigan*, 357 F. App'x 621, 623 (6th Cir. 2009) (citing *Aerel*, 448 F.3d at 906). An abuse of discretion occurs when we are left with a "definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

The sham affidavit rule is well-established. It states that "[a] party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony." *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). This rule "is grounded on the sound proposition that a party should not be able to create a disputed issue of material fact where earlier testimony on that issue by the same party indicates that no such dispute exists." *Aerel*, 448 F.3d at 907. Under the rule, a post-deposition affidavit such as McClain's declaration may be properly stricken by the district court for two reasons: first, if an affidavit "directly contradicts" the affiant's prior deposition testimony, it should be stricken "unless the party opposing summary judgment provides a persuasive justification for the contradiction." *Id.* at 908. Second, when there is no direct contradiction, "the district court should not strike or disregard that affidavit unless the court determines that the affidavit constitutes an attempt to create a sham fact issue." *Id.* (citation and internal quotation marks omitted). When determining whether such an affidavit is an attempt to create a sham fact issue, courts should consider several factors, including "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion . . . the affidavit attempts to explain." *Id.* at 909 (citation omitted).

We conclude that the district court did not abuse its discretion in declining to consider McClain's declaration insofar as it asserted that he filed a grievance on February 22, 2012. McClain testified at his deposition that he did not remember filing any grievances other than those on January 25, April 8, and April 25, 2012. Moreover, McClain testified that in mid-to-late February 2012, he was too sick to file a grievance. Specifically, when asked at his

deposition, "How come you didn't file a grievance [in February] when you were really sick?" McClain responded, "I couldn't. I couldn't do anything." Thus, the assertion in the declaration about the alleged February 22 grievance contradicts McClain's own deposition testimony.

However, even if we were to construe McClain's lack of memory at his deposition as consistent with his declaration, we would still conclude that the district court did not abuse its discretion for the following reasons. First, McClain was subject to cross-examination at his deposition and testified that he was too sick to file a grievance in late February. Whether a plaintiff was previously cross-examined "matters [when considering whether to accept or reject a declaration under the sham affidavit rule] because a party who is cross-examined but nevertheless offers unequivocal testimony, only to be contradicted by a later affidavit, has indeed tried to create a sham fact issue." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 593 (6th Cir. 2009). Second, McClain avers in his declaration that he remembered his alleged February 22, 2012, grievance after his attorney "provided information" that reminded him of it. Either this information was newly discovered, or it was available to him at the time of his deposition, but, in either case, he fails to identify in his declaration what this new information is. And, assuming that the new information to which McClain refers are jail records, there is no dispute that McClain had access to those records at the time of his deposition. *See Aerel*, 448 F.3d at 909 (noting that one factor to consider in determining whether an affidavit is submitted to create a sham fact issue is "whether the affiant had access to the pertinent evidence at the time of his earlier testimony").

We now turn to the remaining claims in McClain's declaration. McClain claims that no jail official ever gave him a verbal or written orientation as to the grievance or appeals process, that he "had no knowledge concerning how to appeal a grievance" while incarcerated, and that

he did not understand he could appeal a grievance at all. These assertions contradict McClain's deposition testimony. After conceding that he did not appeal the denial of his January grievance concerning the temperature in his cell, McClain confirmed that he had understood he was allowed to appeal, as explained on the grievance form he used. We therefore conclude that the district court acted within its discretion when it disregarded this portion of the declaration as well.

IV.

For these reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.